UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

WILL SMITH AND CAROL SMITH,

        Plaintiffs,     CIVIL NO.: _____

v.

WYSE FINANCIAL SERVICES,      **COMPLAINT**

        Defendant.     **JURY TRIAL DEMANDED**

_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Will Smith (hereinafter "Plaintiff Will"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Carol Smith (hereinafter "Plaintiff Carol"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Wyse Financial Services, Inc. (hereinafter "Defendant"), is a law firm operating from an address of 3410 South Galena Street, Suite 250, Denver, Colorado 80231 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to January 2010, upon information and belief, Plaintiffs incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

9. Defendant repeatedly contacted Plaintiffs in an attempt to collect the alleged debt.

10. On January 5, 2010, Plaintiffs sent a Cease and Desist letter to Defendant. *Exhibit (A)*

11. Despite knowing that Plaintiffs requested not to be contacted by Defendant, on January 18, 2010 and January 26, 2010, Defendant again contacted Plaintiffs.

12. Upon information and belief, Defendant continued to attempt to contact Plaintiffs by attempting to contact Plaintiffs by telephone.

13. The conduct of Defendant in contacting Plaintiffs on numerous occasions after written communication that a consumer wanted Defendant to cease communication and causing the telephone to ring repeatedly are a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiffs, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

17. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in its attempts to collect this debt from Plaintiffs.

*Summary*

18. The above-detailed conduct by Defendant, of contacting Plaintiffs on numerous occasions after written communication that a consumer wanted Defendant to cease communication and causing the telephone to ring repeatedly were a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19. Plaintiffs have suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

20. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiffs.

## **TRIAL BY JURY**

21. Plaintiffs are entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

24. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs;

26. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiffs; and

27. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: July 28, 2010

 s/ Mark L. Vavreck                              .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220